## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### JEFFERSON V. SCHOOL BOARD OF AMELIA COUNTY.

#### March 14, 1912.

1. SCHOOLS—*Proceedings to Sell Property—Permission to Sell—Confirmation of Sale.*—The proceeding authorized by section 1466a of the Code (1904), as amended by Acts 1910, p. 356, for the sale or exchange of school property, is an *ex parte* proceeding, and much is left to the discretion of the court to which the petition for sale or exchange is addressed. The fact that the court, in authorizing trustees of school property to sell the same, required them to report their proceedings to the court, in order that it might determine whether the sale was made in accordance with the terms of the statute, does not constitute reversible error. Nor did the court exceed its discretion, under the facts in the case at bar, in refusing to confirm (if confirmation were necessary) a sale, when the trustees unanimously reported that the property had not brought a fair price, and asked that the sale be not confirmed.

Appeal from an order of the Circuit Court of Amelia county in an *ex parte* proceeding to sell school property. From an order refusing to confirm a sale the purchaser appeals.

*Affirmed.*

The opinion states the case.

*J. G. Jefferson, Jr.,* for the appellant.

*Thomas R. Hardaway* and *Samuel W. Williams, Attorney-General,* for the appellee.

KEITH, P., delivered the opinion of the court.

The School Board of Giles District, in Amelia county, filed a petition in the circuit court of the county, asking leave of the court

to sell a lot of land containing three acres, it being, in their opinion, not suitable for the purposes for which it had been purchased. In accordance with the prayer of this petition, the circuit court entered an order authorizing the sale of the property and directing the school board to make the sale to the highest bidder, after due publication of the time and place of sale, and to report their proceedings to the court. At the September term, 1910, the trustees constituting the school board reported that upon the 24th day of June, 1910, after due advertisement, in accordance with the directions of the order theretofore entered, they had offered the property for sale at public auction, and that the highest bid was made by John G. Jefferson, who offered three hundred dollars for the three acres. The trustees further reported that the sale was advertised to be made subject to the approval of the court, and that in the opinion of the trustees the amount bid was not as much as the property was worth, and they therefore asked that the same be not confirmed, but that they be directed again to offer the property for sale.

Jefferson, the bidder referred to, appeared before the court and moved to exclude and dismiss the report of the trustees, upon the ground that the court had no power or duty in the matter, except to grant leave to the trustees to make the sale; that the proceeding was not a suit in chancery; that the sale was not made by officers of the court, and was not dependent for validity upon the approbation of the court; but that it was a purely statutory proceeding, in which the only function of the court was to grant leave to the trustees to make the sale, and that they, acting under a statute, had no discretion but to sell to the highest bidder, and make him a deed to the property.

The proceeding is under section 1466a of the Code, which provides that "any county, district, or city school board may file its petition in the circuit court of its city or county, or in the corporation or hustings court of its city, or before the judge thereof in vacation, asking leave to sell or exchange any public school property which in its judgment it is desirable to sell or exchange; and upon evidence being produced before the court, or judge thereof in vacation, that such sale or exchange is proper to be made, the said court, or judge thereof in vacation, shall make

such order as may be proper providing for the sale of said property, or that the same may be exchanged; provided, that if the said school property is sold it shall be sold to the highest bidder at public auction, after due public notice of time and place of sale be made known by posting notices in the school district or city in which said school property is located, and, in case of sale of said property, the court or judge shall make an order for the proper use or investment of the proceeds of the same; the court may make such order as to the cost as to it may seem proper. In case of sale or exchange of district school property the deed for the same shall be made by the school trustees of the district or districts in which the property is situated." Acts 1910, p. 356.

The proceeding provided for in this section is an *ex parte* one. It is not a suit in equity for the sale of land, and it is purely a statutory proceeding, in which a good deal seems to be left to the discretion of the court or judge. The property is to be sold to the highest bidder at public auction, after due public notice of the time and place of sale in the manner prescribed by the statute. The court or judge is required to make an order for the proper use or investment of the proceeds of sale, and such order as to costs as may be deemed proper.

In order to secure a compliance with the provisions of the statute, the circuit court saw fit to direct in this instance that the trustees should offer the property for sale in accordance with the terms of the statute, and should report their proceedings to the court, in order that it might determine whether the sale had been made in obedience to the provisions of the law.

It is not necessary for us to say that some other mode might not with propriety have been adopted by the court. It is enough that in proceeding as it did the circuit court did not so far exceed the discretion reposed in it as to constitute reversible error.

The history of the case seems to be that the land in question was purchased for school purposes in 1908; that the board paid for the three acres the sum of $450, or $150 an acre; that at the time of its purchase Jefferson, the appellant here, was the chairman of the school board making the purchase, which was negotiated by him and R. H. Bruce, who was then a member of the board. There is evidence that lands in that community have since 1908

greatly increased in value; that land adjoining the lot in controversy has sold for the sum of $200 per acre.   Under these circumstances, with a unanimous report from the trustees stating that the property has not brought a fair price, and asking that the sale be not confirmed, we cannot say that in refusing confirmation (if confirmation were necessary) the court exceeded its discretion. As we have said, this is an *ex parte* proceeding.   It differs from a suit in chancery where a sale of land to pay debts, or for some other cause, is asked, and the adverse interests of parties are to be considered.

Upon the whole case, we are of opinion that there is no error to the prejudice of the appellant, and the order of the Circuit Court of Amelia county is affirmed.

*Affirmed.*